### JIM HAMILTON v. THE STATE.

No. 9734.    Delivered January 13, 1926.

**Manufacturing Intoxicating Liquor—Evidence—Held, Sufficient.**

Where, on a trial for manufacturing intoxicatig liquor, the evidence disclosed that officers, with a search warrant, went to appellant's premises, found him there sitting in the yard, and on breaking the door of a little house some thirty yards from the dwelling, found what they called a "distill, having a copper can and worm, two jugs of whiskey, a bottle of whiskey and two barrels of mash," we cannot say that these facts would not justify his conviction.

Appeal from the District Court of Guadalupe County. Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty five years in the penitentiary.

The opinion states the case.

*P. E. Campbell,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Guadalupe County for manufacturing intoxicating liquor and given five years in the penitentiary, from which he appeals.

Officers went to appellant's place with a search warrant and found him sitting in the yard. He made no objection to their searching the premises. The officers found a little house located some thirty yards from the dwelling, to be locked; when appealed to about it appellant said he had no key. The officers broke the lock and found in the house what they called a "distill" having a copper can and worm. They also found two jugs of whiskey, one full and the other nearly so; a bottle with about a pint of whiskey in it; also two barrels, one nearly full of mash and the other containing a smaller quantity of same.

Appellant admitted his possession of the premises, including the little house, but denied he had made the whiskey. He said that a few days prior to the officers coming he had bought the outfit, including the whiskey, for $22.00. He said he intended to drink the whiskey and sell the rest of the outfit.

No exception was taken either to the charge of the court, nor to the reception or rejection of any testimony.

Some complaint is here made that in the opening statement of his charge the learned trial court confused the two counts contained in the indictment, and stated that in count No. 1 appellant was charged with manufacturing, and in count No. 2 with possessing intoxicating liquor, when the opposite was true of said counts.

While appellant is correct in this contention, in all the remainder of the charge the counts are correctly referred to, and we conceive it impossible for appellant to have been injured by the matter thus complained of. The above embraces proposition No. 1 advanced in appellant's brief.

The second contention is that the evidence is not sufficient to support a conviction for manufacturing intoxicating liquor. We are unable to agree with this conclusion. The court submitted this count to the jury under the law of circumstantial evidence. The officers who found the apparatus in appellant's possession, together with a quantity of both the raw material and the finished product, were not very familiar with the process of making whiskey, apparently, but no defensive testimony appeared save that of appellant himself, who denied guilt of manufacture. We deem the jury's verdict to find

even sufficient support in the testimony. No obligation rests on them to accept the testimony of the accused.

The only other contention is that the verdict is excessive. No showing in such regard appears save that the jury gave appellant the maximum penalty, which alone is urged as a reason for believing that there was prejudice on the part of the jury.

Not being able to agree with appellant's contention, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*